**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| N. R., BY AND THROUGH THEIR NATURAL PARENTS AND GUARDIANS, ROBERT AND RACHELLE RUMCIK; AND A. R., BY AND THROUGH THEIR NATURAL PARENTS AND GUARDIANS, ROBERT AND RACHELLE RUMCIK;<br><br>Plaintiffs,<br><br>v.<br><br>NESHANNOCK TOWNSHIP SCHOOL DISTRICT, MATTHEW HEASLEY, TERENCE MEEHAN,<br><br>Defendants. | ) | Civil Action No. 25-1518 |

**MEMORANDUM ORDER**

This matter comes before the Court after Plaintiffs N. R. and A.R., by and through their natural parents and guardians Robert and Rachelle Rumcik, ("Plaintiffs") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 16) that was entered by Magistrate Judge Christopher B. Brown on July 31, 2026. The R&R recommends that the Partial Motion to Dismiss filed by Defendants Neshannock Township School District ("Neshannock" or the "School District"), Matthew Heasley ("Heasley"), and Terence Meehan ("Meehan") (collectively, the "School Officials") be granted in part and denied in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (Docket No. 16 at 2). Service of the R&R was made on the parties electronically via CM/ECF. (Docket No. 16 text entry). The R&R informed Plaintiffs that objections to same were due by August 14, 2026. (*Id.*). Plaintiffs did not file objections by August 14, 2026, or thereafter.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Plaintiffs did not file objections to the R&R – which explicitly stated, "(f)ailure to file timely objections will waive any appellate rights" – we review the magistrate judge's decision for plain error. (Docket No. 16 at 25). *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017); *see Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Brown's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will grant Defendants' Partial Motion to Dismiss as to Count II, Count III, and Count IV as to N.R. pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Court will deny Defendants' Partial Motion to Dismiss as to Count I, Count IV as to A.R., and Count V.

In so ruling, the Court first agrees with Judge Brown that Defendants' Partial Motion to Dismiss as to Count II, Count III, and Count IV as to N.R. should be granted. The Complaint does not plausibly allege sufficient facts to support Count II, a Fourteenth Amendment substantive due process claim under § 1983 against Heasley and Meehan. Specifically, Plaintiffs have not pled facts establishing that the School Officials took part in "an affirmative action," a necessary element

of a Substantive Due Process claim. (Docket No. 16 at 16). Rather, Plaintiffs point to the School Officials' "inaction or omission," which created a danger for them at school, *i.e.*, the School Officials not investigating the harassments and assaults against Plaintiffs, following a safety plan for preventing future instances of assault, or incorporating a racial element into antibullying discussions and training. (*Id.*). Accordingly, Judge Brown recommends, and this Court agrees, that Count II should be dismissed without prejudice to amendment for failure to state a claim. The Court also agrees with Judge Brown that A.R. did not plead facts to establish Count III, a Fourteenth Amendment procedural due process claim under § 1983 against Neshannock. Judge Brown found that A.R.'s procedural due process claim against the School District was "premised on peer-to-peer bullying, including racially motivated harassment, and [the] [S]chool [D]istrict's alleged failure to adequately respond to such conduct or follow their own procedures," and should be dismissed because the deprivation of a public education "must be attributable to the School District, not private actors such as other students." (*Id.* at 18). Because amendment would be futile for this claim – any further evidence regarding the School District's inaction would not be legally relevant to whether A.R. was afforded procedural due process – Judge Brown recommends that Count III should be dismissed with prejudice for failure to state a claim, and this Court agrees. (*Id.* at 19). Finally, with regard to N.R.'s Fourteenth Amendment equal protection claim under § 1983 against Heasley and Meehan at Count IV, N.R. must establish that discipline from the School Officials was applied in a disparate manner between Black and White students. (*Id.* at 22). N.R. does not plead any facts to show that he was subjected to any discipline at all, therefore this Court agrees with Judge Brown's recommendation that this claim should be dismissed without prejudice to amendment for failure to state a claim. (*Id.*)

The Court next agrees with Judge Brown that Defendants' Partial Motion to Dismiss as to Count I, Count IV as to A.R., and Count V should be denied. Regarding N.R.'s Title VI claim against Neshannock at Count I, N.R. pled that he was called "slur[s] with an overt racial overtone" by classmates and that his teacher called a picture of his mother, that he drew, a "monster" because he colored her brown. (*Id.* at 13). N.R.'s allegations, at this stage, are sufficient to show that the School District subjected N.R. to "severe or pervasive conduct based on race," and therefore N.R.'s Title VI claim will not be dismissed. (*Id.*). Additionally, this Court agrees with Judge Brown that Count IV, A.R.'s Fourteenth Amendment Equal Protection claim against Heasley and Meehan, should not be dismissed, as A.R. has sufficiently pled that he was disparately disciplined by the School Officials compared to White students who were engaged in comparable conduct. (*Id.* at 22). After being assaulted by White students in the cafeteria, A.R. defended himself and was suspended while White students faced no disciplinary action. (*Id.*) Finally, as to Count V, Plaintiffs' Municipal Liability claim under § 1983 against Neshannock, the Court agrees with Judge Brown that Plaintiffs have adequately stated a Municipal Liability claim against the School District through their allegations that "the School District had a custom of ignoring racial harassment by students and employees and failed to train school administrators and employees to properly address racial harassment and assaults." (*Id.* at 25). Therefore, Count V will not be dismissed at this stage.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 29th day of September, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 16) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, Defendants' Partial Motion to Dismiss Plaintiffs' Complaint (Docket No. 8) is granted in part and denied in part. The Motion is granted to the extent that Count II and Count IV as to N.R. are dismissed without prejudice, and Count III is dismissed with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Motion is otherwise denied with respect to Count I, Count IV as to A.R., and Count V.

If Plaintiffs wish to file an Amended Complaint, they shall do so by **October 20, 2026**, in which case Defendant(s) shall respond thereto by **November 10, 2026**. If Plaintiffs do not file an Amended Complaint by **October 20, 2026**, then Count II and Count IV as to N.R. will be dismissed with prejudice.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record